LTL ATTORNEYS LLP
Heather F. Auyang (SBN 191776)
  heather.auyang@ltlattorneys.com
Kevin M. Bringuel (SBN 196279)
  kevin.bringuel@ltlattorneys.com
601 Gateway Blvd, Ste. 1010
South San Francisco, CA 94080
Tel.: 650-422-2130 / Fax: 650-241-2142

Attorneys for Defendants TP-Link USA Corp. and
TP-Link North America, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GONZALES and MATTHEW WALKER, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TP-LINK USA CORPORATION and TP-LINK NORTH AMERICA, INC.,<br><br>Defendants. | CASE NO:<br><br>**DEFENDANTS TP-LINK USA CORP. AND TP-LINK NORTH AMERICA, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>(San Francisco County Superior Court Case No. CGC-18-568950)<br><br>Complaint filed: August 15, 2018 |

**TO THE CLERK, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441(a), 1441(b), 1446, and 1453, Defendants TP-Link USA Corporation ("TP-Link USA") and TP-Link North America, Inc. ("TP-Link NA") (collectively, "Defendants") remove the above-captioned action to this Court from the Superior Court of California, County of San Francisco. In support of removal, Defendants state as follows:

**TIMELINESS OF REMOVAL**

1. On August 15, 2018, Plaintiffs Richard Gonzales and Matthew Walker filed a putative class action in the Superior Court of California, County of San Francisco titled *Gonzales, et al. v. TP-Link USA Corporation, et al.*, Case No. CGC-18-568950. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Superior Court Civil Case Cover Sheet, Complaint, Errata to the Complaint, Notice of Case Management Conference, Mediation Services brochure, Alternative Dispute Resolution Program Information Package, Judicial Mediation Program Information Sheet, Expedited Jury Trial Information Sheet, Stipulation to Alternative Dispute Resolution (ADR) form, and Case Management Statement form are attached as Exhibits A-K, respectively.

2. Plaintiffs served Defendants on August 29, 2018. This notice of removal is therefore timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after service was completed.

**VENUE IS PROPER**

3. The Superior Court of the State of California for the County of San Francisco is located within the Northern District of California. 28 U.S.C. § 84(a). This notice of removal is therefore properly filed in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

**GROUNDS FOR REMOVAL UNDER CAFA**

4. The Class Action Fairness Act, 28 U.S.C. § 1332(d), ("CAFA") provides this Court with original jurisdiction of this case and permits Defendants to remove the state court action from California state court to this Court. CAFA provides that federal district courts shall have original jurisdiction over class actions where the number of proposed class members is 100

or greater, the aggregate amount in controversy for all putative class members exceeds $5,000,000 (exclusive of interest and costs), and any member of the putative class of plaintiffs is a citizen of a state different from that of any defendant. 28 U.S.C. § 1332(d). These jurisdictional requirements are satisfied in this action.

**SUMMARY OF ALLEGATIONS AND FACTS GIVING RISE TO JURISDICTION**

5.   Plaintiffs' Complaint alleges causes of action for: (1) fraud, deceit, and/or misrepresentation; (2) violation of the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*; (3) False Advertising under Business and Professions Code § 17500 *et seq.*; (4) negligent misrepresentation; (5) unjust enrichment; and (6) Unfair, Unlawful, and/or Deceptive Trade Practices under Business and Professions Code § 17200 *et seq.*, based on Defendants' marketing and sales of wireless routers that are advertised as "conforming with the IEEE 802.11n and/or IEEE 802.11ac wireless standards." Complaint ¶¶ 1, 69-128. Plaintiffs claim to represent the following putative class members: "all persons, natural or otherwise, who, while residing in California, purchased a Purported 802.11 Router." Complaint ¶ 57. Plaintiffs estimate that there are "well in excess of 1,000" members in the class. Complaint ¶ 59.

6.   "Purported 802.11 Routers" refer to "routers that TP-Link markets and sells as conforming with the IEEE 802.11n and/or 802.11ac wireless standards." Complaint ¶ 1.

7.   Among other things, Plaintiffs claim they and putative class members are entitled to damages, including "the amount of the price premium they paid," disgorgement of all "wrongful or inequitable proceeds," punitive damages, costs, and attorneys' fees, as well as injunctive relief. Complaint ¶¶ 80, 92, 103, 111, 118, 126; Prayer for Relief ¶¶ A-E.

**A. There Are More Than 100 Members in The Putative Class**

8.   Plaintiffs allege that there are "well in excess of 1,000" members in the putative class. Complaint ¶ 59. The putative class includes anyone who purchased a Purported 802.11 Router while residing in California, which TP-Link has a good faith basis to believe exceeds 100 members. *See* 28 U.S.C. § 1332(d)(5) ("the number of members of all proposed plaintiff classes in the aggregate" must be 100 or more).

**B. The Amount in Controversy Exceeds $5 Million**

9. Defendants deny liability and oppose class certification—and they expressly reserve all their rights. *See Dart Cherokee Operation Co., LLC v. Owens*, 135 S. Ct. 547 (2014). However, for purposes of the jurisdictional requirements for removal only, Defendants have a good faith basis to believe that the allegations in the Complaint put more than $5,000,000 in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6) (claims of individual class members are "aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000").

10. In just a four-month period—from March to June, 2018—TP-Link USA's revenues from California sales of at-issue routers totaled over $6 million. TP-Link USA has a good faith basis to believe that total revenues from California sales of at-issue routers during the class period exceed $30 million.[1] Plaintiffs seek the "price premium" they paid for Defendants' 802.11 routers, and further demand punitive damages. Complaint ¶¶ 80, 92, 103, 111, 118, 126; Prayer for Relief ¶¶ A-E. Even if Plaintiffs seek a fraction of revenues as damages, the total would exceed $5 million, thereby satisfying the amount-in-controversy threshold. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010) ("once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much" (citation omitted)).

**C. Diversity Exists Because Defendants are California Citizens and the Putative Class Includes Numerous Non-California Citizens**

11. 28 U.S.C. § 1332(d)(2)(A) confers jurisdiction as long as "any member of a class of plaintiffs is a citizen of a State different from any defendant." Defendants are California citizens. Complaint ¶¶ 7-8. Although Plaintiffs reside in California, Complaint ¶¶ 5-6, the Complaint is silent as to the citizenship of Plaintiffs or putative class members. Because Plaintiffs define class members as those who purchased Defendants' routers "while residing in California,"

---

[1] TP-Link NA has not sold at-issue routers.

1  it unambiguously includes non-California citizens.

2        12.    Because the proposed class "cover[s] all California [consumers], and not just [consumers] who were California citizens," it includes non-California citizens. *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1279 (9th Cir. 2017). There are many persons and entities—e.g., college students, members of the military, temporary residents, and businesses incorporated and based out of the state—who purchased at-issue routers from TP-Link USA "while residing in California," but are not California citizens. *See, e.g., In re Spring Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010) (residents could include "college students from other states" or "soldiers" who do not intend to remain in a state indefinitely and are thus not citizens). Indeed, TP-Link USA has a good faith basis to believe that it directly shipped at-issue routers to consumers in California who used non-California billing addresses and are thus non-California citizens.

**D. Defendants Have Established Removal is Proper**

      13.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

    (a) this is a civil "class action" as that term is defined in § 1332(d)(1);

    (b) there are at least 100 members of the class as required by § 1332(d)(5);

    (c) the amount in controversy exceeds $5,000,000, exclusive of interest and costs as required by § 1332(d)(2); and

    (d) a member of the proposed class is a citizen of a state different than any defendant as required by § 1332(d)(2).

      14.    Accordingly, this action is removable under 28 U.S.C. §§ 1441, 1446, and 1453.

      15.    The geographical jurisdiction of this Court includes San Francisco County, where the action was originally filed. 28 U.S.C. § 84(a); *see* 28 U.S.C. § 1441(a).

      16.    After filing this Notice, Defendants will provide a copy to Plaintiffs' counsel and file and serve a copy of this Notice with the Clerk of the San Francisco County Superior Court as

//

//

//

required by 28 U.S.C. § 1446(d).

Dated: September 21, 2018	LTL ATTORNEYS LLP

By: _/s/ Heather F. Auyang_
Heather F. Auyang
Kevin M. Bringuel
*Attorneys for TP-Link USA Corp. and TP-Link North America, Inc.*